**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-2478-RBJ

**REBECCA AGWU, et al.,**

    Plaintiffs,

v.

**THE CITY AND COUNTY OF DENVER,** a Colorado municipal corporation, et al.,

    Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND**
**APPEARANCES OF COUNSEL AND PRO SE PARTIES**

Per the Court's Order dated September 15, 2021 [ECF 4], no Scheduling Conference has been set in this matter.  Although pandemic restrictions have been lifted to some extent, this Court is not yet holding in-person Scheduling Conferences.  The Court has reviewed the proposed order and issues this Scheduling Order with its modifications and comments noted in Track Changes for easier reference.

The parties in this matter are represented by counsel as follows:

**Plaintiffs:**

| | |
|---|---|
| Clifford L. Beem | S. Birk Baumgartner |
| A. Mark Isley | Adam R. Yoast, Esq. |
| Danielle C. Beem | Baumgartner Law, LLC |
| Beem & Isley, P.C. | 300 E. Hampden Ave, Ste 401 |
| 730 17th St., Ste. 850 | Englewood, CO 80113 |
| Denver, CO 80202 | Phone: (303) 529-3476 |
| Phone: (303) 894-8100 | Fax: (720) 634-1018 |
| Fax: (303) 894-8200 | birk@baumgartnerlaw.com |
| clbeem@beemlaw.net | adam@baumgartnerlaw.com |

amisley@beemlaw.net
dcbeem@beemlaw.net

**Defendants City and County of Denver, Officer David Hunter and Officer Alfonso Carrera:**

Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Katherine N. Hoffman, Esq.
Alexandria L. Bell, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
(303) 628-3300
ringela@hallevans.com
kennedye@hallevans.com
hoffmank@hallevans.com
bella@hallevans.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 42 U.S.C. §1983 and §1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and at the time of the events giving rise to the litigation, all of the parties resided in Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiffs:**

The Plaintiffs are all individuals who were injured in some way after being targeted, shot at, gassed, and/or fired upon, either indiscriminately as part of a group or targeted specifically by

2

Denver Police Officers while attending, observing or just being in the area of the peaceful protests taking place in and around central Denver between the dates of May 28, 2020, and July 19, 2020.

The Plaintiffs have been separated into two categories as set forth in more detail in the Complaint. Group A Plaintiffs are the individuals who were injured by the use of excessive force and consist of the following individuals:

1. Rebecca Agwu;
2. Jesse Andersen;
3. Azria Arroyo;
4. Scarlett Barnhill;
5. Dana Bergren;
6. Chelsea Smith;
7. Victoria Brown;
8. Porshai Campbell;
9. David Chapman;
10. Theresa Dougherty;
11. David Hagan;
12. Forrest Elliot;
13. Fernando Garcia;
14. Alisa Guy;
15. Brandi Smith;
16. Jared Hayes;
17. Emily Heydt;
18. Pamela Keltie;
19. James Stacey;
20. Christopher Lo Coco;
21. Luna Rose Lo Coco;
22. Timmy Lomas;
23. Alexis Mendez;
24. Alexis Morris-Philippus;
25. Carter Nadolsky;
26. Branden Rich;
27. Ellektra Rowland; and
28. Elizabeth Werren.

Group B Plaintiffs are individuals who were injured by Denver Police Officers by use of excessive force and were also wrongfully arrested and detained by the officers. Group B Plaintiffs

3

consist of the following individuals:

    29. Benjamin Bialy;
    30. Asa Briggs;
    31. John Cameron;
    32. Dan Delany;
    33. Ailyn Havens;
    34. Lily Knowles;
    35. K.M., a minor child, by and through her parents, Bradley and Desiree Mashino;
    36. Ryan Jon Pflanzer;
    37. David Seaver;
    38. Sable Spottswood;
    39. Jonathan Ziegler;
    40. James Sweetman;
    41. Nicholas Titus;
    42. Gregory Trickel.

As a direct and proximate result of the unconstitutional acts, including the use of excessive and unreasonable force against the Plaintiffs in Groups A and B by officers and agents of the Denver Police Department, the wrongful arrests of the Plaintiffs in Group B by the arresting officers named herein as well as other currently unidentified officers of the Denver Police Department, and the City's policies, practices, customs, and/or lack of supervision and training, Plaintiffs have suffered injuries, damages, and losses, including without limitation, physical injuries, pain and suffering, loss of enjoyment of life, humiliation, anxiety, mental and emotional distress, and fear of being shot, gassed, injured, arrested, charged, detained, and/or incarcerated for lawfully exercising their First Amendment constitutional rights to peacefully assemble, associate, express their opinions and beliefs, observe and document public events and demonstrations, and redress their grievances, particularly their opinions and beliefs about racial injustice and police brutality.

**Defendants The City and County of Denver, Officer David Hunter, and Officer**

**Alfonso Carrera:**

Beginning on May 28, 2020, and continuing for several weeks, large crowds participated in demonstrations in Downtown Denver.  The Denver Police Department provided accommodations for the protests—including blocking traffic and allowing protests to continue in certain public streets.  Unfortunately, the demonstrations devolved into riots with violence directed at police officers and significant damages to property.  Violent, criminal acts occurred at various locations throughout Denver that included projectiles and homemade explosives being thrown or launched at police officers who responded by attempting to disperse the crowds with less-lethal force.  Munitions deployed by police officers were often thrown back at them.  Many police officers were injured, and millions of dollars of property destruction occurred.

With respect to the allegations against the individually named Officers, the Officers contend they are entitled to qualified immunity from the claims asserted against them because they did not violate any of Plaintiffs' constitutional rights, or the rights of any other individuals who were present or engaging in unlawful conduct with respect to their dispersal of crowds or in response to violent, criminal acts perpetuated by individuals in the crowd and their actions did not violate clearly established law.

Denver denies that it has any custom, policy or practice of violating individuals' constitutional rights or that it failed to train or supervise its police officers who were involved in responding to these highly charged, difficult events.  Further, Denver's policies, training and supervision of its officers were legally sufficient and did not cause Plaintiffs' constitutional rights to be violated.  Accordingly, Denver asserts the following defenses:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted, in

5

whole or in part.

2. Plaintiffs' damages, if any, were proximately caused by their own conduct and not by the reason of any unconstitutional conduct by Denver's employees.

3. Plaintiffs may have failed to mitigate any damages they allegedly sustained as a result of the events described in the Complaint.

4. The City and County of Denver's policies were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant to this action.

5. The City and County of Denver's training and supervision of its police officers met or exceeded constitutional or statutory standards with respect to all topics relevant to this action.

6. Some or all of the claims attempted by Plaintiffs are duplicative of one another and cannot be the basis for duplicative recovery.

7. Plaintiffs' injuries and damages, if any, were proximately caused by the acts or omissions of others over whom Denver possessed no ability or opportunity to control or right to control.

8. Plaintiffs' damages, if any, are not to the nature and extent alleged.

9. Plaintiffs' claims are severable because some relate to the George Floyd Protests and others do not.

10. The individuals named Officer Defendants are entitled to qualified immunity.

11. The temporary nighttime curfew enacted by the Mayor of Denver was a lawful emergency regulation both on its face and as enforced by the City and County of Denver and its officers.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Demonstrations in Denver in response to the killing of George Floyd began on May 28, 2020, and continued until, at least, June 4, 2020.

2. At all times relevant to this action, Plaintiffs were residents of and domiciled in the State of Colorado.

3. Denver vests its policing authority in the Denver Police Department.

4. During the George Floyd Protests, the Denver Police Department requested law enforcement assistance from other jurisdictions in Colorado.

5. Officers from other jurisdictions who policed the George Floyd Protests in Denver were under the command of both their own supervisory officers and the Denver Police Department.

### 5. COMPUTATION OF DAMAGES

**Plaintiffs' Damages:**

Group A Plaintiffs: These Plaintiffs all sustained physical injuries and/or emotional distress as a result of direct physical impact from "less lethal" weaponry, including without limitation hard projectiles (such as rubber or foam bullets, pepper balls, and other KIPs), tear gas, tear gas canisters, police batons, and/or direct bodily contact by officers and agents of the Denver Police Department ("DPD"). As of the date of filing this action, none of the Group A Plaintiffs have required ongoing medical or psychological care, but they all suffered painful physical injuries at the hands of officers and agents of the DPD that took time to heal. They all have lasting emotional distress injuries related to their fear and/or hesitation with exercising their constitutional rights, specifically including their First Amendment rights to peacefully protest and redress

7

grievances concerning police brutality, misconduct, and excessive force. Such non-economic damages are not susceptible to precise calculation, but they currently estimated to be approximately $1,000,000.00 per Group A Plaintiff.

Certain Group A Plaintiffs may also have economic damages in the form of lost income from having to miss work as a result of their physical injuries and/or emotional distress. The precise amounts of any such damages have not yet been fully determined or evaluated.

Group B Plaintiffs: In addition to sustaining similar physical injuries and emotional distress as the Group A Plaintiffs from being subjected to direct force and impact from "less lethal" weaponry and contact by officers and agents of the DPD, the Group B Plaintiffs also suffered non-economic damages in the form of pain and suffering, emotional distress, fear and humiliation as a result of being arrested, charged, and incarcerated for offenses that were all ultimately dismissed or acquitted and that lacked probable cause, were not deserving of arrest and incarceration, and/or were unconstitutionally and arbitrarily applied. The non-economic damages for this group are currently estimated to be approximately $1,000,000.00 per Group B Plaintiff.

Certain Group B Plaintiffs may also have economic damages in the form of lost income from missing work as a result of their physical injuries, emotional distress, and/or being incarcerated. The precise amounts of any such damages have not yet been fully determined or evaluated.

Group B Plaintiff Titus has asserted a claim for punitive damages against Defendant Officer Hunter for purposefully and intentionally hitting and pushing Titus with Defendant Hunter's squad car and then submitting false reports that led to Plaintiff Titus being physically attacked by officers or agents of the DPD and wrongfully arrested. Group B Plaintiff Trickle has

8

asserted a claim for punitive damages against Defendant Officer Carrera for purposefully and intentionally targeting Mr. Trickle and tackling, restraining, arresting, and incarcerating him despite the fact that he dispersed and complied with Defendant Carrera's commands. Like non-economic damages, punitive damages cannot be precisely calculated, but if awarded, they could be at least as much, if not several times more than any compensatory damages awarded.

If other specific officers among the Doe Defendants are identified in the course of disclosure and discovery, then other Plaintiffs in Groups A and/or B may assert claims for punitive damages against those individuals as well for any actions that were motivated by evil intent or that involved reckless or callous indifference to Plaintiffs' federally protected rights.

The Plaintiffs in both groups reserve the right to amend and recalculate their damages as additional information is learned through disclosures and discovery.

A more precise computation of each Plaintiff can be accomplished through 26(f) Disclosures. Due to the volume of Plaintiff's, the parties have agreed to exchange precise computation of damages through initial disclosures.

**Defendants:**

Defendants have not made a claim for damages but reserves the right to seek attorney's fees and costs related to the defense of this matter pursuant to applicable federal law.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a. **Date of Rule 26(f) meeting:** Counsel conducted their Rule 26(f) meeting by the exchange of drafts of this proposed Scheduling Order because they had previously held a video conference

Rule 26(f) meeting in *Alexandra Barbour et. al. v. City and County of Denver et. al.,* D.Colo. No. 21-cv-2477-DDD-KLM and based this proposed Scheduling Order and their prior conversations.

b. **Names of each participant and party he/she represented:**

Plaintiffs were represented by Clifford Beem, Birk Baumgartner, Danielle Beem and Adam Yoast.

Defendants were represented by Andrew D. Ringel, Esq.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**:

See 6(d) below.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1)**:

The parties have agreed that disclosures, documents produced, and other discovery taken in *Acker v. City & County of Denver, et. al.,* D. Colo. No. 20-cv-03155; *Elisabeth Epps et. al. v. City and County of Denver et. al.,*D. Colo. No. 20-cv-01878, and *Fitouri et. al. v. City and County of Denver et. al.,* D. Colo. No. 20-cv-01922 (together the "Related Cases") are relevant to this action, and that production of such documents under Fed. R. Civ. P. 26(a)(1) will reduce the parties' discovery burdens and promote the just, speedy, and inexpensive determination of this action. To that end, Defendant City and County of Denver will produce its Fed. R. Civ. P. 26(a)(1) disclosure statements in the Related Cases to Plaintiff on or before April 28, 2022. Thereafter, the parties shall confer and agree on the records, or categories of records, from the Related Cases that Defendant City and

10

County of Denver will produce to Plaintiffs in this action under Fed. R. Civ. P. 26(a)(1). Plaintiffs' and Defendants' Initial Disclosures shall be made on or before May 15, 2022.

e. **Statement concerning any agreements to conduct informal discovery:**
The parties do not have any agreements to conduct informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**
Documents produced by any party shall be bates labeled. Redactions to any document shall be made in black or by inserting some explanatory explanation in brackets (i.e.: [Redacted]). A privilege log which complies with the requirements of Fed. R. Civ. P. 26(b)(5) shall be provided for any document that is redacted or for which a privilege is asserted. The parties shall use a unified exhibit system for depositions.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**
The parties do anticipate that these claims will involve some electronically stored information and that disclosure or discovery will involve information or records maintained in electronic form. The parties agree that ESI may initially be produced in PDF rather than native format. The parties agree that where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients, and other metadata), the parties should discuss whether and how such information may be produced. The parties agree to work cooperatively to avoid discovery disputes related to

11

electronically stored information and, in the event a dispute arises, the parties will attempt to resolve such dispute(s) in good faith and according to the Court's rules and procedures.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

During the initial Rule 26(f) conference on January 7, 2021 in *Barbour*, the parties discussed the possibilities for an early resolution. At the time, the parties agreed that some preliminary discovery will be needed before they can adequately assess the possibility of settlement. There has been no further discussion since regarding settlement.

### 7.     CONSENT

The parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

### 8.     DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

The parties have agreed the Plaintiffs may conduct five (5) depositions in this matter plus the depositions of any retained experts of Defendants. The parties have agreed the Defendant may conduct the deposition of each Plaintiff plus ten (10) additional depositions including the depositions of any retained or treating healthcare provider experts of the Plaintiffs.

**Plaintiffs' position:** ~~Plaintiffs may serve up to twenty-five (25) interrogatories on each named Defendant. Defendants may serve up to ten (10) interrogatories on each Plaintiff.~~

12

~~**Defendants' position**: Plaintiffs may serve up to twenty-five (25) interrogatories on Defendants. Defendants may serve up to fifteen (15) interrogatories on each Plaintiff.~~

Plaintiffs may serve up to 25 interrogatories on defendants. Defendants may serve up to 10 interrogatories on each plaintiff.

b. **Limitations which any party proposes on the length of depositions:**

~~Depositions shall be limited to one (1) day of not more than seven (7) hours for each party, each expert, and for 30(b)(6) depositions. However, if multiple persons are identified as 30(b)(6) witnesses, Plaintiff proposes adding 1 hour per additional witness. Defendants believe a total of 7 hours for a Rule 30(b)(6) deposition is sufficient. For all other fact witnesses, depositions shall be limited to 4 hours.~~

Depositions are limited to four hours, except that depositions of Rule 30(b)(6) witnesses collectively are limited to seven hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

~~**Plaintiffs' position:** Plaintiffs may serve up to fifteen (15) requests for production on each named Defendant and up to fifteen (15) requests for admissions on each named Defendant.~~
~~**Defendants' position**: Plaintiffs may serve twenty-five (25) requests for production of documents and twenty-five (25) requests for admission on Defendants.~~
~~Defendants may serve fifteen (15) requests for production of documents and fifteen (15) requests for admission on each Plaintiff. There are no limitations on the number of requests for admission regarding the genuineness and authenticity of documents.~~

Because the parties have apparently agreed, and in any event the Court orders, that

<div style="color:red">discovery in the Epps/Fitiori case will be available and may be used in this case, the plaintiffs may serve up to five requests for production and five requests for admissions on each defendant; and defendants may serve up to five requests for production and five requests for admission on each plaintiff.</div>

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admission:** 45 days before the close of discovery.

e. **Other Planning or Discovery Orders:**

The parties intend to seek a protective order regarding confidential information in this case and one that also covers the previously designed confidential information from the earlier Related Cases to allow it to be produced to the Plaintiffs in this case.

The parties agree to cooperate regarding taking remote depositions by telephone and video conference where technically feasible and necessary due to Covid-19 restrictions and concerns.

The parties agree they will serve by email or electronic means all discovery requests and written responses and any other papers not filed through the CM/ECF system unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery. The parties agree that document productions may be served on disc via first-class mail or through a secure file-sharing system.

The parties agree to produce any documents obtained via subpoena from a third party or through any open record act in accordance with the Federal Rules of Civil Procedure within 21 days unless the parties agree to a later period of time in a specific instance for specific reasons.

The parties will follow the Court's procedures related to any discovery disputes.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** July 26, 2022

b. **Discovery Cut-off:** February 10, 2023.

c. **Dispositive Motion Deadline:** March 24, 2023

d. **Expert Witness Disclosure:**

(1) The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiffs' statement:** Plaintiffs anticipate calling treating provider for those Plaintiffs that have received treatment. Plaintiffs anticipate retaining an expert in excessive force and police policies and procedures, as well as an expert in Fourth Amendment rights and an expert in the First Amendment. Plaintiffs may also need an expert in the field of psychology concerning the psychological and chilling effects caused by excessive use of force and/or wrongful arrests.

**Defendants' statement:** Defendants anticipate potentially utilizing a police practices expert and may also have experts in the area of Plaintiffs' damages, and in any area of expertise for which Plaintiffs designate an expert.

The parties are not precluded from endorsing experts in other fields if required based on evidence and testimony produced during discovery.

(2) Limitations which the parties propose on the use or number of expert witnesses.

a. ~~Plaintiffs propose that each side be limited to seven expert witnesses, not counting treating psychologists and doctors.~~

15

        b. ~~Defendants propose a limit of five (5) retained experts and one (1) treating physician or healthcare provider expert concerning the injuries and medical condition of each Plaintiff per side.~~ <span style="color:red">There is no limited on the number of treating health care providers. Otherwise, each side is limited to three experts.</span>

(3) Plaintiffs and Defendants shall disclose any affirmative experts who may be called to testify at trial under Rule 26(a)(2) and provide reports called for in Rule 26(a)(2)(B) on or before October 21, 2022.

(4) Plaintiffs and Defendants shall disclose any rebuttal experts who may be called to testify at trial under Rule 26(a)(2) and provide reports called for in Rule 26(a)(2)(B) on or before December 16, 2022.

e.    Identification of persons known to parties to be deposed:

**Plaintiffs' List:**

1. Defendant David Hunter
2. Defendant Alfonso Carrera
3. Chief of Police Paul Pazen
4. Director of Safety Murphy Robinson
5. Independent Monitor Nick Mitchell
6. Mayor Michael Hancock
7. Any additional officers of the DPD who are identified and joined as defendants in their individual capacities

Defendants reserve the right to object to any specific deposition requested by Plaintiffs.

**Defendants' List:**

1. All named Plaintiffs
2. Any witness to the events involving each Plaintiff
3. Any treating healthcare providers for each Plaintiff

Plaintiffs reserve the right to object to any specific deposition requested by Defendants.

### 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times: \_\_\_\_

_____

~~A final pretrial conference will be had at _____ on _____ 20\_\_. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) business days before the final pretrial conference.~~ A final pretrial order is not required. The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions.  Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired.  Please jointly contact Chambers at jackson_chambers@cod.uscourts.gov within 14 days to select TPC and Trial dates from the following options:

b.      Proposed 4 week jury trial dates: 7/10/2023 or 9/5/2023.

c.      Proposed TPC 6/9/2023 at 9:00 or  8/4/2023 at 9:00.

~~b.~~

### 11. OTHER SCHEDULING MATTERS

a.      **Identify those discovery or scheduling issues, if any, on which counsel after a good**

17

**faith effort, were unable to reach an agreement:**

None.

b.  **Anticipated length of trial and whether trial is to the court or jury:**

Trial is to a jury.  The parties anticipate the length of trial to be four weeks or twenty trial days.

> **Commented [RBJ1]:** We have provided dates to fit a four-week trial.  However, I believe that this case should not require that length of a trial.

c.  **Identify pretrial proceedings if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 East 2nd Avenue, Suite 150, Durango, Colorado 81301:**

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

13. **AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ~~21st~~ 22nd day of April~~, April~~, 2022.

BY THE COURT:

_____
Senior United States District Court

**APPROVED AS TO FORM:**

BEEM & ISLEY, P.C.

 s/ Clifford L. Beem
Clifford L. Beem
A. Mark Isley
Danielle C. Beem
Beem & Isley, P.C.
730 17th St., Ste. 850
Denver, CO 80202
Phone: (303) 894-8100
Fax: (303) 894-8200
clbeem@beemlaw.net
amisley@beemlaw.net
dcbeem@beemlaw.net
*Attorneys for Plaintiffs*

BAUMGARTNER LAW, LLC

 s/ S. Birk Baumgartner
S. Birk Baumgartner
Adam R. Yoast, Esq.
Baumgartner Law, LLC
300 E. Hampden Ave, Ste 401
Englewood, CO 80113
Phone: (303) 529-3476
Fax: (720) 634-1018
birk@baumgartnerlaw.com
adam@baumgartnerlaw.com
*Attorneys for Plaintiffs*

s/ Edmund M. Kennedy
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Katherine N. Hoffman, Esq.
Alexandria L. Bell, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
(303) 628-3300
ringela@hallevans.com
kennedye@hallevans.com
hoffmank@hallevans.com
bella@hallevans.com
*Attorneys for Defendants*

20